1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

7   KEYBANK NATIONAL ASSOCIATION,           )
                                            )
8                     Plaintiff,            )
                                            )       2:10-cv-00352-PMP-LRL
9   v.                                      )
                                            )       **O R D E R**
10  FRANK NIELSON, *et al.*,                )
                                            )
11                    Defendants.           )
                                            )
12  _____ )

13          Before the court is defendants' Emergency Motion to Compel Documents Contained in

14  Plaintiff's Privilege Log and for a Limited Extension of the Discovery and Dispositive Motion Deadline

15  (#27), to which plaintiff, KeyBank National Association, filed an Opposition (#28), and defendants a

16  Reply (#33).  Also before the court is KeyBank's Countermotion to Compel Discovery Responses and

17  Production of Documents Improperly Withheld as Privileged (#30), to which defendants filed an

18  Opposition (#31), and KeyBank a Reply (#34).

19          KeyBank filed the instant action for deficiency judgment following the foreclosure of certain

20  real property. Defendants dispute that a deficiency judgment exists and further allege counterclaims

21  against KeyBank arising from KeyBank's handling of the loan at issue in this case.  Discovery closed

22  on April 19, 2011. Order (#21).  Defendants filed their Motion to Compel (#27) on March 31, 2011.

23  **Motion to Compel (#27)**

24          In connection with KeyBank's Second Supplement to Initial Disclosures Pursuant to FRCP

25  26(a)(1), KeyBank produced a privilege log.  The privilege log claims that over 700 emails are

26  privileged pursuant to NRS 657.130, NRS 49.025, and/or 12 C.F.R. § 4.32.  Defendants argue that

neither the Nevada statutes nor the federal regulations apply to the emails.  The party asserting a privilege has the burden of making a prima facie showing that the information being withheld is indeed privileged. *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 698 (D.Nev.1994).

KeyBank's reliance on the privilege provided by 12 C.F.R. § 4.32 is misplaced.  The privilege belongs to the Office of the Comptroller ("OCC"), not to private litigants.  Section 4.32 is part of a set of regulations the purpose of which is to "afford an orderly mechanism for the OCC to process expeditiously requests for non-public OCC information; to address the release of non-public OCC information without a request; *and, when appropriate, for the OCC to assert evidentiary privileges in litigation*." 12 C.F.R. §4.31(a)(1) (emphasis added); *see also In re Countrywide Finan. Corp. Sec. Litig*, 2009 WL 5125089 (C.D. Cal. December 28, 2009) ("confidential supervisory information, defined in § 4.32(b) [OCC] and § 261.2(c)(1) [FRB], shall remain the property of the government and provide an administrative procedure through which Plaintiffs may seek permission to use the documents under dispute." (citing 12 C.F.R. §§ 4.33-4.36)); *In re Wells Fargo Residential Mortgage Lending Discr. Litigation*, 2009 WL 1578920 at *4 (N.D. Cal. June 4, 2009).

KeyBank's assertion that NRS 49.025 protects the emails as privileged likewise misses the mark.  NRS 49.025 provides

> A person making a return or report required by law to be made has a privilege to refuse to disclose and to prevent any other person from disclosing the return or report, if the law requiring it to be made so provides.

Cases interpreting other statutes using the 'return/report' language generally refer to tax returns or other reports that individuals or companies are compelled to file by law.  *In re John Smith*, 397 B.R. 134,139 n.6 (D. Nev. 2008) (string citing cases from several districts). KeyBank contends that this privilege should apply to the emails at issue because its "internal communications and documents are utilized in preparing state and federal reports and, therefore are privileged pursuant to NRS 49.025." Opp'n (#28) at 14.  Notably, KeyBank does not suggest any specific return or report that may require the use of the internal email communication, nor does it show how the plain language of the statute would encompass email communications which may be used  at a later date for unspecified returns or reports.  KeyBank

has failed to meet its burden of showing that this privilege applies to the emails.

Finally, KeyBank contends that "even if neither NRS 49.025 nor 12 C.F.R. 4.32 apply, the language of 657.130 is unequivocal and specific." Opp'n (#28) at 15. NRS 657.130 provides

> 1. (a) "Committee to review compliance" means one or more persons assigned or engaged by a financial institution to test, review or evaluate its conduct, transactions or potential transactions, policies or procedures for the purpose of monitoring and improving or enforcing compliance with state and federal statutes and regulations requiring safe, sound and fair lending practices, including, without limitation, acts concerning equal credit opportunity, fair housing, fair lending, flood zone protection, housing and financial discrimination, truth in lending and financial reporting to federal or state regulatory agencies.

> 2. (a) A document prepared for or created by a committee to review compliance is confidential and privileged, and is not subject to discovery or admissible in evidence in a civil action of this State, even if it has been submitted to a governmental or regulatory agency of this State, the United States or a foreign government.

KeyBank takes the position that "the persons KeyBank assigns to its loans, including the loan at issue in this case, are continuously reviewing KeyBank's transactions [] for compliance with state and federal regulations. In that continuous review process, internal emails are generated that, while discussing the loan at issue in this case [] implicate KeyBanks' internal review for compliance and are privileged." Reply (#34) at 2. KeyBank does not represent, however, that the emails here at issue were created specifically for the purpose of compliance review or by and for the use of a compliance review committee; or even that it has formed a committee for compliance review. If the statute intended to privilege any document generated by a financial institution's employees that "implicated" compliance, the language and explanation regarding a "committee" would be all but useless surplusage. Moreover, even were the court to accept KeyBank's arguably broad take on what it means to create a document for a committee compliance review, it does not purport to have limited the privilege to only those emails or portions of emails that directly implicate some specific compliance review; rather it has attempted to apply the privilege in a blanket fashion to over 700 emails. *Cf. United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002) (discussing attorney-client privilege and noting that blanket assertions of the privilege are "extremely disfavored").

Because KeyBank has failed to meet its burden of proof regarding the application of any of the

1   asserted privileges to the emails, it must produce the emails forthwith.  The parties will first be required

2   to prepare an appropriate confidentiality agreement that will address any legitimate concerns regarding

3   production.

4   **KeyBank's Countermotion to Compel (#30)**

5          KeyBank's Countermotion (#30) demands production of a broad range of discovery responses.

6   However, as explained by defendants in their Opposition (#31), most of the information has already

7   been provided.  Production of several emails remains in dispute.  Defendants assert attorney-client

8   privilege for two of the emails.  KeyBank concedes that one of these is privileged, but maintains that

9   defendants have not provided adequate information to determine whether the other, dated January 18,

10  2005, is also privileged. Eleven other emails have been withheld by defendants as containing

11  "Confidential/proprietary business and/or financial information."  *See* Reply (#34) at 7-8.  KeyBank

12  correctly points out that such information is not privileged, *per se*, and the proper avenue to protect such

13  documents is through a protective order.   While the court has the authority to shield proprietary

14  information related to ongoing operations of a business from public review, "the party seeking

15  protection bears the burden of showing specific prejudice or harm will result if no protective order is

16  granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)  (citations omitted).

17  Defendants have not met this burden.

18         Two of the "confidential/proprietary" emails, dated January 31, 2008 and December 11, 2009,

19  purportedly contain defendants' tax returns. While tax records are not absolutely privileged, *Heathman*

20  *v. District Court,* 503 F.2d 1032, 1035 (9th Cir. 1974), the Ninth Circuit recognizes "a public policy

21  against unnecessary public disclosure [of tax returns] arises from the need, if the tax laws are to function

22  properly, to encourage taxpayers to file complete and accurate returns." *Premium Serv. Corp. v. Sperry*

23  *& Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 175); *see also Heathman*, 503 F.2d at 1035; *Aliotti v.*

24  *Vessel Sonora*, 217 F.R.D. 496, 497 (N.D. Cal. 2003).  The court may only order the production of the

25  defendants' tax returns if they are relevant and when there is a compelling need for them because the

26  information sought is not otherwise available. *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 189 (D.Kan.1997);

4

*Aliotti*, 217 F.R.D. at 497-98; *Gattegno v. Pricewaterhousecoopers,* LLP, 205 F.R.D. 70, 71-72 (D. Conn. 2001); *Terwillger v. York Int'l Corp.*, 176 F.R.D. 214, 216-17 (W.D. Va. 1997). "'The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable.'" *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006) (quoting *Hilt*, 170 F.R.D. at 189); *see also Terwilliger v. York Int'l Corp.*, 176 F.R.D. at 217. Because it doesn't indicate in what way the tax returns are relevant to the action, KeyBank hasn't met its burden. Therefore, with the exception of the January 18, 2005, January 31, 2008 and December 11, 2009 emails, the withheld documents must be produced, subject to the parties' confidentiality agreement.

Accordingly, and for good cause shown,

IT IS ORDERED that defendants' Emergency Motion to Compel Documents Contained in Plaintiff's Privilege Log and for a Limited Extension of the Discovery and Dispositive Motion Deadline (#27) is **granted**. Plaintiff must produce the emails withheld as privileged pursuant to 12 C.F.R. 4.32, NRS 49.025, and NRS 657.130, subject to the filing of a confidentiality agreement.

IT IS FURTHER ORDERED that plaintiff's Countermotion to Compel Discovery Responses and Production of Documents Improperly Withheld as Privileged (#30) is **granted in part**. Defendants must produce the withheld emails, subject to the filing of a confidentiality agreement, except as follows:

1) Defendants may withhold the January 31, 2008 and December 11, 2009 emails which pertain to their tax returns.

2) Defendants may withhold at this time the January 18, 2005 email for which they claim attorney-client privilege. Defendants must provide to plaintiff a detailed privilege log to support the claim of privilege for this email not later than June 7, 2011.

IT IS FURTHER ORDERED that the parties shall file a joint confidentiality agreement for the court's review not later than June 7, 2011. In the event that the parties are unable to agree on the terms of an agreement, each shall file its own proposed order for the court's review and decision.

IT IS FURTHER ORDERED that the following deadlines shall apply in this case: the discovery

cutoff date is extended to July 1, 2011.  Dispositive motions will be due by August 1, 2011. The Joint Pretrial Order must be filed by September 1, 2011.

IT IS FURTHER ORDERED that in all other respects the Motion (#27) and Countermotion (#30) are denied.  Each party is to pay its own costs.

DATED this 24th  day of May, 2011.

_____

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

6