UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OREO CORP., an Ohio corporation as successor-in-interest to KEYBANK NATIONAL ASSOCIATION,<br><br>  Plaintiff,<br><br>vs.<br><br>KAMELA NIELSEN, as executor of The Estate of FRANK NIELSEN, Decedent; LAWRENCE J. WINNERMAN, an individual; LORRIE B. WINNERMAN, an individual; SANFORD B. WINNERMAN, an individual; and WW CENTENNIAL HILLS, LLC, a Delaware limited liability company,<br><br>  Defendants. | 2:10-cv-00352-PMP-VCF<br><br>**FINDINGS OF FACT<br>AND<br>CONCLUSIONS OF LAW** |

This is an action for a deficiency judgement following the foreclosure of commercial real property securing a commercial loan in the amount of $14,100,000.00 from KeyBank. On August 7 and 8, 2013, and on October 17, 2013, this case came on for trial before the Court, sitting without a jury. Finding without objection that this Court has jurisdiction, and based upon the evidence adduced at trial and in the Amended Stipulated Facts of the parties (Doc. # 113), the Court hereby enters the following Findings of Fact and Conclusions of Law:

Plaintiff OREO CORP, is successor-in-interest to KeyBank National Association. On March 21, 2005, Defendant W W Centennial Hills, LLC, as borrower,

executed and agreed to the terms of a Construction Loan Agreement with KeyBank National Association, as lender, to obtain financing from KeyBank in the amount of $14,100,000.00, Centennial Hills also executed and agreed to the terms of a Promissory Note dated March 21, 2005.  To secure Centennial Hill's obligation to KeyBank, and to induce KeyBank to lend to Centennial Hills, Centennial Hills executed and agreed to the terms of an Amended and Restated Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (the "Deed of Trust") encumbering approximately 25.4 acres of raw land located at the corner of Horse Drive and US-95 in Clark County, Nevada, APN: 125-07-601-005 (the "Property").

As further inducement to KeyBank to loan Centennial Hills $14,100,000.00, Lawrence Winnerman, Sanford Winnerman, Robert Schulman, and Frank Nielsen (collectively, the "Guarantors") each executed and agreed to the terms of a Payment Guaranty (the "Payment Guaranty") dated March 21, 2005.  The Guarantors also executed a Performance and Completion Guaranty dated March 21, 2005 (the "Performance Guaranty" and together with the Payment Guaranty, the "Guaranties").  Pursuant to the Loan Documents, the original maturity date of the Loan was March 21, 2006.  However, delays in the development of the Property resulted in multiple extensions of the maturity date of the Loan each of which required the Guarantors to execute a new  Guarantor's Acknowledgment and Consent pursuant to which the Guarantors reaffirmed their obligations under the Guarantee.  Pursuant to the Sixth Amendment to the Construction Loan, the final maturity date of the Loan was November 1, 2009, at which time the balance of all principle, interest, and other amounts due under the Loan came due.

Defendants ultimately defaulted on the Loan and Guaranties.  KeyBank declared the Loan in default and demanded payments of all amounts then outstanding.  On March 15, 2010, KeyBank commenced the instant action against the Guarantors for breach of the Guaranty.  On March 30, 2010, KeyBank assigned all of its rights in the Note and Deed of

Trust that already had accrued or would accrue in the future to Plaintiff OREO CORP. OREO is a wholly-owned subsidiary of KeyBank that holds title to assets foreclosed on by KeyBank.

On March 31, 2010, OREO purchased the Property at the foreclosure sale for the credit bid price of $5,339,820.00. On the date of the foreclosure sale, Defendants owed OREO the total amount of $12,287,786.74 (the "Indebtedness") pursuant to their guarantees on the subject loan. On July 9, 2010, OREO sold the Property to Grand Canyon Village Square LLC, in an arms'-length transaction for the total purchase price of $4,000,000.00, which provided net sale proceeds to OREO of $3,728.866.20. By this action, OREO seeks a deficiency judgment against Defendants, jointly and severally, in the amount of $6,947,966.74, representing the difference between the amount owed by Defendants on the subject loan, and the credit bid price paid by OREO at the foreclosure sale on March 31, 2010, of $5,339,820. Defendants challenge OREO's entitlement to the deficiency sum alleged and contend that the fair market value of the subject property was $14,905,000 as of the date of the trustee's foreclosure sale, and hence argue OREO is entitled to no deficiency recovery.

The task of the Court in determining whether a judgement creditor or beneficiary under a deed of trust is entitled to recover a deficiency judgement is a relatively straight forward one.

> "NRS 49.455 allows a judgment creditor to seek a deficiency judgment where the proceeds he received from the dale of the security do not equal the amount of his debtor's indebtedness. Judgment is limited, however, to the amount by which the debt exceeds the greater of the fair market value of the security on the date of the foreclosure sale or the amount bid at such sale by the creditor. NRS 40.459. Unruh v. Streight, 96 Nev. 684, 685, 615 P.2d 247, 248 (1980).

Not surprisingly, the expert appraisers, as well as other witnesses called to testify by the parties, do not agree on the fair market value of the Property at the time

3

of the foreclosure sale on March 31, 2010. OREO's expert appraiser, Shelli Lowe, MAI, assesses the fair market value at $4,330,000 on that date. A land broker marketing the property for KeyBank accorded a value of $3,322,200. Defendant's expert appraiser, George Smith, estimates the value at $14,905,000 at the time of the foreclosure sale.

Although the widely disparate appraisals of Lowe and Smith provide relevant retrospective opinion evidence as to the value of the Property, the Court is not confined to considering only the opinions of the experts tendered by the parties.

> "Fair market value is generally defined as the price which a purchaser, willing but not obliged to buy, would pay an owner willing but not obliged to sell, taking into consideration all of the uses to which the property is adapted and might in reason be applied." (Citation omitted) . . . "The district court could consider all relevant evidence in determining the value of the property." (Citations omitted) Id. At 686.

Kathleen Nylen, a real estate appraiser who provided routine appraisals of the Property for KeyBank at various times, but most often in connection with extensions by the bank of the maturity date on the loan, testified to a range of values reflecting a fairly rapid descent in value of the Property consistent with the drop in property values experienced throughout Southern Nevada between 2007 and the date of the foreclosure sale. In this regard, Nylen testified to appraisals of July 2007, assessing the value of the Property at $23,310,000, followed by an appraisal 15 months later in October 2008 which placed the value at $21,610,000. By December 2009, Nylen placed the value of the Property at $11,380,000, and in her final appraisal for KeyBank of March 2, 2010 (as of February 18, 2010) she estimated it's value had descended to $7,770,000.00, constituting a drop of $3,610,000 in less than 3 months.

///

The Court finds the significantly disparate appraised values provided by Lowe and Smith to be irreconcilable and accords marginal weight to both.  Instead, the Court finds by a preponderance of the evidence that the appraised values provided by the single appraiser who had consistent experience with the Property, Kathleen Nylen, to be far more reliable in establishing the fair market value of the Property on the date of foreclosure, and concludes the most viable value to be $7,700,000.  The Court's finding is further supported circumstantially by the subsequent arms-length sale of the Property to Grand Canyon Village Square, LLC four months later, on July 9, 2010, for $4,000,000.  Hence the resulting deficiency at the time of the foreclosure sale was $4,587,786.74.

The Clerk of Court shall forthwith enter Judgement in favor of Plaintiff OREO and against all Defendants except Robert H. Schulman who was dismissed from this action on November 29, 2012 (Doc. # 96).

**IT IS SO ORDERED.**

Dated: December 5, 2013.

PHILIP M. PRO
United States District Judge