1

2

3

4

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

OREO CORP., an Ohio corporation as
successor-in-interest to KEYBANK
NATIONAL ASSOCIATION,

        Plaintiff,

 vs.

LAWRENCE J. WINNERMAN, an
individual; SANFORD B. WINNERMAN,
an individual; and WW CENTENNIAL
HILLS, LLC, a Delaware limited liability
company,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2:10-cv-00352-PMP-VCF

**ORDER**

      Before the Court for consideration is Plaintiff's fully briefed Motion for Attorneys' Fees and Costs (Doc. #126).  By this motion, Plaintiff seeks an award of attorneys' fees in the amount of $358,834.14 and an award of additional costs of $22,051.87 that are not included as taxable costs in the Bill of Costs filed December 18, 2013.

      In their Response (Doc. #134) Defendants argue that Plaintiff is not entitled to recover the entire amount of un-taxed costs requested.  In particular, Defendants argue that under 28 U.S.C. Sections 1821 and 1920,they should not be assessed $19,363.69 for expert witness fees which Plaintiff's claim in the form of non-taxable costs.  Defendants fruther argue that Plaintiffs are not entitled to recover $237.00 in publication and Recorder's office costs, $112.09 for lunches, or $986.50 in messenger fees.  For the reasons set forth

Defendants' Response, the Court agrees and will reduce the award of non-taxable costs to Plaintiffs by those amounts.

Defendants further argue that Plaintiff should not be entitled to recover an award of all of the attorneys' fees it seeks because Plaintiff failed to recover all sums sought by their Complaint.  The Court finds, however,  that Plaintiffs are the prevailing parties and hence are is to fully recover reasonable attorneys' fees.  However, the Court agrees that Plaintiff should not be able to recover as attorneys' fees the sum of $3,291.10 for work performed as Trustee in this case, nor should Plaintiff recover the sum of $2,802.00 incurred as a result of the substitution of former Defendant Frank Nielsen's estate and actions relating to probate proceedings. Neither are Plaintiffs entitled to recover $16,235.10 in attorneys' fees relating to the settlement of Plaintiff's claims against former Defendants Robert Schulman and the Estate of Frank Nielsen.  The Court finds, however, the remaining attorneys' fees and costs sought by Plaintiff are reasonable and must be awarded.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs (Doc. #126) is GRANTED to the extent that Plaintiff shall be entitled to recover from Defendants within thirty (30) days of the date of this Order the sum of $336,505.94 as and for attorneys' fees, and the additional sum of $1,353.59 as and for non-taxable costs.

Dated: February 18, 2014.


_____
PHILIP M. PRO
United States District Judge