# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Oreo Corp., an Ohio corporation, as successor in interest to Keybank National Association,<br><br>Plaintiff<br><br>v.<br><br>Lawrence J. Winnerman, et al,<br><br>Defendants | Case No. 2:10-cv-0352-JAD-VCF<br><br>**Order Recalculating Post-Judgment Interest Award on Remand and Entering Third Amended Judgment** |

This deficiency-judgment action finds its way to me after a partially successful appeal and the retirement of the trial judge. After a 2013 bench trial, District Judge Philip M. Pro entered a $4,587,786.74 judgment in favor of the Plaintiff Oreo Corp. as successor in interest to Keybank National Association,[1] and the parties stipulated to amend the judgment to $4,417,786.74 to reflect tendered settlement payments.[2] Post-judgment motions resulted in a second amended judgment in February 2014 that added prejudgment interest through the December 5, 2013, date of the original judgment and post-judgment interest thereafter, all at the parties' contractual default rate of 8.25%.[3] By separate order that same day, Judge Pro awarded plaintiff attorneys fees and costs.[4]

On appeal, the United States Court of Appeals for the Ninth Circuit affirmed the damages award but vacated the district court's award of post-judgment interest at the default contractual rate of 8.25%.[5] The panel found that the district court "abused its discretion in applying the Default Rate

---

[1] ECF Nos. 122, 123.

[2] ECF Nos. 128, 129.

[3] ECF No. 142.

[4] ECF No. 144.

[5] ECF No. 161.

1

instead of the statutory rate" prescribed by 28 U.S.C. § 1961 because the statutory rate is mandatory in the absence of a "specific agreement" to apply a different post-judgment interest rate, and the parties' contract contained no such agreement.[6]  It vacated the award of post-judgment interest and directed me to "recalculate the interest and amend the judgment accordingly."[7]

The parties disagree over the form and content of the amended judgment that I must now enter.  In their brief on the topic and during the oral argument that I conducted on June 13, 2016, the defendants argue that I must simply apply the § 1961 rate (.13%) and run it from the date of the original December 5, 2013, judgment.[8]  The plaintiff argues instead that the trigger date for post-judgment interest is today, with the filing of this amended order; all interest before today should be prejudgment interest at the much higher 8.5% contractual rate.[9]  Alternatively, plaintiff argues that post-judgment interest did not begin to accrue until at least the February 2014 entry of the second amended judgment because that was the judgment that awarded pre- and post-judgment interest.[10]  Finally, both parties agreed during oral argument that the post-remand judgment should include the award of fees and costs, with post-judgment interest accruing from the date of that award.

I accept the parties' stipulated position on the fees-and-costs issue, conclude that the revised post-judgment interest on all but the fees-and-cost award runs from the date of the original judgment at the rate set by 28 U.S.C. § 1961, and amended the judgment accordingly.

**Discussion**

28 U.S.C. § 1961(a) provides that "Interest shall be allowed on any money judgment in a civil case recovered in a district court" and is "calculated from the date of the entry of the judgment,

---

[6] ECF No. 161 at 7 (citing *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004).

[7] *Id*. at 7–8.

[8] ECF No. 167.

[9] ECF No. 168.

[10] *Id*.

2

at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." In *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, the Supreme Court interpreted § 1961 to require post-judgment interest under that statute to run from the date of the entry of a judgment that sufficiently ascertains the plaintiff's damages.[11] In *AT&T v. United Computer Systems, Inc.*, 98 F.3d 1206 (9th Cir. 1996), the Ninth Circuit noted the *Kaiser* rule[12] but recognized the exception that "[w]here a prior judgment awarding damages has been vacated pursuant to the actions of an ultimately losing party, equitable principles favor calculating the interest in a manner that more fully compensates the prevailing party." Oreo argues that the *AT&T* exception applies, so post-judgment interest accrues from today's modified judgment, not the original judgment.

"Determining from which judgment interest should run 'requires an inquiry into the nature of the initial judgment, the action of the appellate court, the subsequent events upon remand, and the relationship between the first judgment and the modified judgment.'"[13] Each of these considerations leads me to the conclusion that post-judgment interest runs—on everything but fees and costs—from the original judgment; and post-judgment interest on the fee-and-cost award runs from the date of that award.

This was a deficiency action. The district court's findings and facts and conclusions of law set "the resulting deficiency at the time of the foreclosure sale" at $4,587,786.74,[14] and the court entered the original judgment in that amount on December 5, 2013.[15] Although the court amended

---

[11] *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990).

[12] *See also Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 702 (9th Cir. 1996) ("Kaiser simply precludes the award of post-judgment interest from the date of initial judgment where it has been determined that the initial judgment was not supported by the evidence.").

[13] *Guam Soc'y of Obstetricians & Gynecologists*, 100 F.3d at 702 (quoting *Bailey v. Chattem, Inc.*, 838 F.2d 149, 154 (6th Cir. 1988)).

[14] ECF No. 122 at 5.

[15] ECF No. 123.

3

the judgment by stipulation a few weeks later to reflect settlement payments,[16] it is the original judgment that sufficiently ascertains the plaintiff's damages.  So, under *Kaiser*, it is from that original judgment that post-judgment interest should run.

      *AT&T* does not dictate a different conclusion.  Its exception does not apply in this case because no "prior judgment *awarding damages* has been vacated *pursuant to the actions of an ultimately losing party*."[17]  The Ninth Circuit panel only vacated the district court's award of post-judgment interest; it affirmed the damages award.[18]  The *AT&T* exception is designed to avoid penalizing the prevailing party and "encouraging losing parties to instigate post-judgment litigation so they can reap the benefits of a low interest rate."[19]  In this case, the panel agreed with the appellants (defendants here) that the trial judge should have applied the lower post-judgment interest rate from the date of entry of that original judgment, and to apply *AT&T* would deprive defendants of the effect of that ruling.

      Running the post-judgment interest from the date of the original judgment is also consistent with Rule 37 of the Federal Rules of Appellate Procedure.  "Promulgated as a reminder of" the "settled principle that once [the appellate court has] instructed the district court on a matter, it must faithfully carry out [the court's] command and go no further,"[20] Rule 37 directs that, "if a money judgment in a civil case is affirmed, whatever interest is allowed by law is payable from the date when the district court's judgment was entered."[21]  The Second Amended Judgment awards pre-judgment interest of 8.5% through the fixed date of December 5, 2013, (the date of the original

---

[16] ECF No. 128.

[17] *AT&T*, 98 F.3d at 1211 (emphasis added).

[18] ECF No. 161 at 7–8.

[19] *AT&T*, 98 F.3d at 1211.

[20] *Planned Parenthood of Columbia/Williamette Inc. v. American Coalition of Life Activists*, 518 F.3d 1013, 1018 (9th Cir. 2008) (citing *Briggs v. Pennsylvania R.R. Co.*, 334 U.S. 304 (1948)).

[21] Fed. R. Civ. P. 37(a).

judgment) in the fixed amount of $1,361,690.73, and it awards post-judgment interest at that same 8.5% rate beginning "each day after December 5, 2013," until the judgment is satisfied.[22]  The damages award in this case was affirmed with the singular instruction to recalculate only the post-judgment interest on remand.[23]  Were I also to recalcuate the prejudgment interest award to run it through today's modified judgment or any date other than December 5, 2013, I would be going beyond the panel's command, thus violating Rule 37 and the principles it promulgates.  Nothing plaintiff offers persuades me to do so.  Accordingly, I conclude that post-judgment interest begins to accrue from the date of the original judgment.

There is one final wrinkle in this calculation to iron out.  On February 18, 2014, Judge Pro awarded plaintiff attorneys fees and costs, and these components of the award have not yet been incorporated into any judgment.[24]  During the February 13, 2016, hearing on these post-remand issues, all counsel agreed that the fees and costs should be incorporated into the judgment and that the post-judgment interest on the fees-and-costs award should run from the date of that award on February 18, 2014.  I accept the parties' stipulated approach.

## Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that **JUDGMENT is entered** in favor of Plaintiff Oreo Corp., as successor-in-interest to KeyBank National Association and against Defendants Lawrence J. Winnerman, Sanford B. Winnerman, and WW Centennial Hills, LLC, **in the amount of:**

- $4,417,786.74,[25] together with post-foreclosure interest through December 5, 2013, in the amount of $1,361,690.73, for a total of **$5,779,477.47 on which post-judgment**

---

[22] ECF No. 142.

[23] ECF No. 161 at 8.

[24] ECF No. 144.

[25] ECF No. 129.

      **interest will accrue under 28 U.S.C. § 1961 from December 5, 2013,[26] at a rate of .13% until paid;**[27] ***plus***

- $336,505.94 in attorneys' fees and $1,353.59 in taxable costs, for a total of **$337,859.53 on which post-judgment interest will accrue under 28 U.S.C. § 1961 from February 18, 2014, a rate of .12% until paid**.[28]

DATED June 23, 2016

                                            _____
                                            Jennifer A. Dorsey
                                            United States District Judge

---

[26] ECF No. 123.

[27] This is the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week ending 11/29/13. http://www.federalreserve.gov/releases/h15/20131202/.  Last visited June 22, 2016.

[28] This is the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week ending 2/14/14. http://www.federalreserve.gov/releases/h15/20140218/.  Last visited June 22, 2016.